## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK A. WESTON,** | : | **CIVIL NO. 1:19-CV-1212** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JUSTIN H. LENSBOWER,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 25th day of November, 2019, upon consideration of plaintiff's

motion (Doc. 3) for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), and

assuming that plaintiff's claims have an arguable basis in law and fact[1], and it

appearing, at this juncture in the proceedings, that plaintiff is capable of properly

and forcefully prosecuting his claims, and that discovery neither implicates complex

legal or factual issues nor requires factual investigation or the testimony of expert

witnesses, and it being well-established that indigent civil litigants possess neither a

constitutional nor a statutory right to appointed counsel in a civil case, <u>Montgomery</u>

---

[1] If the court determines that a claim has "arguable merit in fact and law," <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993), consideration of the litigant's ability to proceed *pro se* in light of a number of additional non-exhaustive factors, including: (1) the plaintiff's ability to present his or her case; (2) the complexity of the particular legal issues; (3) the degree to which factual investigation is required and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) the plaintiff's ability to retain and afford counsel on his or her own behalf, is then undertaken. <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 499 (3d Cir. 2002); <u>Parham v. Johnson</u>, 126 F.3d 454, 457-58 (3d Cir. 1997); <u>Tabron</u>, 6 F.3d at 155-57.

v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002), and that district courts have broad discretion to determine whether to appoint counsel under 28 U.S.C. § 1915, it is hereby ORDERED that the motion (Doc. 3) is DENIED without prejudice.  If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of plaintiff.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania